UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH GEORGE BURCH, Individually and as Administrator of the Estate of Mary Ann McCarroll, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1472 |
| | § | |
| WELLSTREAM INTERNATIONAL, LTD., | § § § | |
| Defendant. | | |

**OPINION AND ORDER**

Pending before the Court are Defendant Wellstream International Limited's ("Wellstream") Motion to Dismiss and Motion to Strike Jury Demand, Subject to Motion to Compel Arbitration[1] (Doc. 13), as well as Plaintiff Joseph George Burch's ("Burch") Response (Doc. 14), Wellstream's Reply (Doc. 15) and Burch's Supplement (Doc. 17). Upon review and consideration of these motions, the responses and replies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant's motion to dismiss should be granted.

I.  Background and Relevant Facts

This is a wrongful denial of health insurance case. On or about May 1, 2006, Burch was employed by Flexsteel, a subsidiary of Defendant Wellstream. (Pl.'s Second Am. Compl. at 2, Doc. 12.)  At the time, Burch and Mary Ann McCarroll ("McCarroll") were joined in a common law marriage. (*Id*.; Doc. 17-1 at 3, Order Granting Dependent Administration and Granting Letters of Dependent Administration.)  In May, June, and July 2006, Burch tried several times to enroll his wife as a dependent in Wellstream's health insurance benefit plans. (Pl.'s Second Am.

---

[1] Wellstream has not filed a motion to compel arbitration. (See Def.'s Mot. to Dismiss at 2, n.1, Doc. 13.)

1 / 11

Compl. at 2.)  Kim Baker ("Baker"), a human resources representative at Wellstream, determined that McCarroll was not eligible to participate because the plans were administered under Florida law and the plans administrator would not recognize a common law marriage. (*Id*.)

McCarroll later became ill but did not have health insurance to pay for a CAT scan.  On April 10, 2006, McCarroll died of an aneurism.  (Def.'s Mot. to Dismiss at 4, Doc. 13.)

Four years later, on April 29, 2010, Burch filed the instant suit against Defendant Wellstream for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as well as breach of contract, fraudulent misrepresentation, unjust enrichment, and wrongful death.  (Doc. 1.)  On August 27, 2010, Burch filed his first amended complaint.  (Doc. 7.)  On September 30, 2010, Burch filed his second amended complaint, the operative pleading.  (Doc. 12.)  Defendant Wellstream now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 13.)

II.  Standard of Review

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Randall Wolcott, M.D. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)); Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.  The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof for a 12(b)(1)  motion. *Ramming*, 281 F.3d at 161.  In reviewing a 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, where the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, where the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors*, *LLC*, Bankr. No. 08-10466, 2011 WL 52525, *3 (Bankr. E.D. Tex. Jan. 6, 2011) (citing *Rodriguez v. Tex. Comm'n of Arts*, 992 F. Supp. 876, 878–79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000)). In a facial attack, when a defendant files a Rule 12(b)(1) motion without accompanying evidence, allegations in the complaint are taken as true. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Blue Water*, 2011 WL 52525 at *3 (citing *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

In a factual attack, the Court may consider any evidence, including affidavits, testimony, and other documents submitted by the parties that is relevant to the issue of jurisdiction. *Id.* (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)). Here, for example, Burch has submitted the state court order appointing him administrator of McCarroll's estate. (Doc. 17-1 at 3.) A defendant making a factual attack on a complaint may provide supporting affidavits, testimony, or other admissible evidence. *Patterson*, 644 F.2d at 523. The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008) (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). In

resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court has significant authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id.* at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id.* However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III. Discussion

The party invoking jurisdiction has the burden of establishing standing by alleging facts showing it is a proper party. *United States v. Hayes*, 515 U.S. 737, 741 (1995). Only a "participant or beneficiary" of an ERISA plan has standing to bring a civil action under ERISA. 29 U.S.C. § 1132(a)(1). An ERISA "beneficiary" is "a person designated by a participant, or by the terms of any employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). A "beneficiary" must also be "designated" as such by the participant or by the terms of the plan. 29 U.S.C. § 1002(7).

ERISA defines a "participant" as an employee "who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). "May become eligible" means "a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 102 (1989). An employee enrolled in his employer's plan is a "participant" within the meaning of 29 U.S.C. §1002(7). *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1222 (11th Cir. 2008).

It appears from the pleadings that there are two ERISA-regulated insurance plans at issue in this case, a BlueCross BlueShield of Florida health insurance plan and an Unum Life Insurance Company of America disability and life insurance plan. (Docs. 13-1 and 13-2.) Neither party filed the full text of the health and life insurance plans.

Wellstream argues that neither the Estate of Mary Ann McCarroll (the "Estate") nor Burch has standing to bring this suit, as the Estate is not a beneficiary and Burch is not a participant under ERISA. (Doc. 13 at 6; Doc. 15 at 1–4.) Burch does not allege he formally designated McCarroll herself as a beneficiary through his participation, nor identify any

provision in the plans' documents that would have allowed her to become a participant. Burch was appointed the administrator of McCarroll's estate, and as such, Burch has standing to bring suit on the Estate's behalf. (Doc. 17-1 at 3, Order Granting Dependent Administration and Granting Letters of Dependent Administration.) Burch argues the Estate should be considered a beneficiary and should have received death benefits. (Pl.'s Resp. at 3, Doc. 14.) However, Burch failed to allege that he designated the Estate as a beneficiary of the ERISA plans and fails to establish that the Estate is entitled to such benefits.

Burch's complaint asserts that "[b]ut for the acts of Baker, acting within the course and scope of her employment with Defendant, McCarroll would have had life insurance which would reasonably have benefited Plaintiff." (Pl.'s Second Am. Compl. at 3.) Thus, Burch's individual standing is based on the denial of insurance coverage to his wife, now succeeded by her Estate. He brings his claim standing in the shoes of McCarroll's estate. McCarroll's estate, however, lacks standing as McCarroll was never a participant nor a beneficiary under the plans.

Burch contends that Wellstream breached its fiduciary duty when Baker refused to enroll McCarroll in the ERISA-regulated benefit plans. Before a person can be held liable under ERISA for breach of a fiduciary duty, the person must be a fiduciary with respect to the particular activity at issue. 29 U.S.C. §§ 1002(21)(a), 1109, 1132(a)(2). A person can become a fiduciary by either 1) being a named fiduciary in the plan or 2) exercising discretionary control over the plan, the management of its assets or having any discretionary authority or responsibility over the plan administration. 29 U.S.C. §§ 1102(a)(2), 1002(21)(a). A person is a "fiduciary" with respect to a plan,

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with

>respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

*Id*. at § 1002(21)(a). ERISA imposes personal liability on "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon [ERISA] fiduciaries." *Id*. at § 1109(a).

"[P]ersons who have no power to make any decisions as to plan policy, interpretations, practices or procedures" and perform "purely ministerial functions," are not fiduciaries. 29 C.F.R. § 2509.75-8. The performance of ministerial functions includes applying rules to determine eligibility for participation or benefits. *Id*. Unless authorized by the plan, a person performing these functions is not a fiduciary because she does not have discretionary authority or control over management of the plan and does not exercise any authority or control over management or disposition of the assets of the plan. *Id*.

Burch argues "a fiduciary relationship existed between Plaintiff and his beneficiary/wife and Defendant." (Pl.'s Second Am. Compl. at 4.) However, Burch fails to allege that the plans gave Wellstream or Baker authority to determine eligibility under the plans. Burch acknowledges that "Baker advised that the benefit plan was administered under Florida law and the plan administrator would not recognize a common law marriage of the State of Texas." (Pl.'s Second Am. Compl. at 2.) "Denial was determined and enforced not by the respective Plan Administrators, but by Defendant's in-house Human Resources representative who failed and refused to enroll Plaintiff's spouse in those plans." (*Id*. at 3.)

"[A]n ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under 29 U.S.C. § 1132." *Rhorer v. Raytheon Eng'rs & Constructors Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) (citing *Varity Corp. v. Howe*, 516 U.S. 489,

510–16 (1996)). Where it is "readily apparent" from the complaint that a plaintiff seeks to recover benefits due to him under the terms of the plan, there is no claim for breach of fiduciary duty. *Id.*; 29 U.S.C. § 1132(a)(1)(B). "When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under [ ] ERISA rather than a [breach of] fiduciary duty." *McCall v. Burlington N./Sante Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000).

Burch further seeks mental anguish damages. Emotional and mental distress damages are not available under § 1132(a)(3) against an ERISA fiduciary. *Corcoran v. U.S. HealthCare Inc.*, 965 F.2d 1321, 1338 (5th Cir. 1992). Moreover, had Burch stated a viable ERISA claim, mental anguish damages would be preempted by ERISA's broad preemption provision. 29 U.S.C. § 1132(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54–55 (1987); *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992).

"Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3rd Cir. 2002) (quoting *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3rd Cir. 2006)). An ERISA claim "is subject to dismissal if it does not plead or otherwise deal with the issue of exhaustion." *Campbell v. Prudential Ins. Co. of Am.*, 2002 WL 462085, *2 (E.D. Pa. Mar. 25, 2002); *Simmons v. Wilcox*, 911 F.2d 1077, 1081 (5th Cir. 1990) (holding that the exhaustion requirement would be rendered meaningless if any improper denial of benefits constituted a breach of fiduciary duty under ERISA, since employees could avoid the requirement simply by characterizing their claims for benefits as claims for breach of fiduciary duty); *Brown v. Star Enterprise*, 1996 WL 450694, *1–2 (E.D. Tex. 1996).

However, exhaustion of administrative remedies is excused when it would be futile to do

so, if the plaintiff was threatened with irreparable harm, or if the plaintiff was denied meaningful access to the plan's administrative remedies. *Harrow*, 279 F.3d at 249; *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996). A party claiming this exception must make a "clear and positive showing that further attempts to seek redress under the plan would be futile." *Balmat v. CertainTeed Corp.*, 2004 WL 2861873, *3 (E.D. Pa. Dec 9, 2004). Bare allegations of futility are insufficient. *Goldstein v. Kellwood Co.*, 933 F. Supp. 1082, 1087–88 (N.D. Ga. 1996). Burch does not show he exhausted the administrative remedies or appeals procedures set forth by each of the plans or that attempts to exhaust such remedies would have been futile.

The circuits are divided as to whether to permit an ERISA claim against parties other than the plan itself. *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996); *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1194 (8th Cir. 1998). Although the Fifth Circuit has noted that the language of the statute suggests the ERISA plan is the only proper defendant to such a claim, it has not directly addressed the issue. *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003), *cert. denied*, 540 U.S. 1110, 124 S. Ct. 1078 (2004). In *Musmeci*, the court observed that the Sixth, Seventh, Eighth, and Eleventh Circuits held that plan beneficiaries can sue the employer instead of the plan under § 1132(a)(1)(B) if, as the plan sponsor, the employer decides to deny the employee benefits. *Id*. at 349–50 (concluding that when the employer is a plan sponsor and the administrator who made the final determination regarding the plaintiff's benefits, and where the relevant plan has "no meaningful existence apart from" the employer, the employer is a proper defendant under § 1132(a)(1)(B)); *Wilson v. Kimberly-Clark Corp.*, 254 Fed. Appx. 280, 287 (5th Cir. 2007). Under decisions by sister courts in this circuit,

employers not only have to be the final decision maker as to eligibility, but they must also be the parties responsible for paying out the benefits under the ERISA plan.  *Kinnison v. Humana Health Plan of Tex., Inc.*, No. C-07-381, 2008 WL 2446054, *11 (S.D. Tex. June 17, 2008); *Cookey v. Metro. Life Inc.*, No. 3:02-CV-2583-M, 2004 WL 1636973, *3 (N.D. Tex. June 17, 2004); *Metro. Life Inc. v. Palmer*, 238 F. Supp.2d 826, 830 (E.D. Tex. 2002).

Burch fails to allege that Wellstream is the plans' sponsor.  Further, there is no indication that Wellstream was responsible for paying benefits under the plans.  *See Blum v. Spectrum Rest. Group, Inc.*, No. 4:02-CV-98, 2003 WL 1889036, *8 (E.D. Tex. Apr. 14, 2003) (finding that because defendant was not the plan, did not control the administration of the plan, had no authority to grant or deny claims or manage or disperse fund assets or maintain claim files, and was in no way obligated to pay benefits under the terms of the plan, it was not a proper party defendant to a wrongful denial of benefits claim under § 1132(a)(1)(B)), *aff'd*, 140 Fed. Appx. 556 (5th Cir. 2005).

Finally, because Burch fails to state a claim under ERISA, his estoppel claim fails as well.  Burch's demand for a jury trial must also be denied, as there is no right to a trial by jury in a claim for wrongful denial benefits under ERISA.  *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) (citing *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980)).

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant Wellstream International Limited's Motion to Dismiss (Doc. 13) is **GRANTED**.

The Court further **ORDERS** that Plaintiff Joseph George Burch is granted leave to amend his complaint within twenty (20) days to bring state law claims for negligent or intentional misrepresentation, claims which were asserted in a conclusory manner in his Second

Amended Complaint, that satisfy the pleading standards of Fed. R. Civ. P. 12(b). In the alternative, Plaintiff Joseph George Burch may inform the Court that he no longer wishes to pursue this action.

      SIGNED at Houston, Texas, this 4th day of October, 2011.

                                              MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE